UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

v.                                          CRIMINAL ACTION NO. 1:05-CR-2-JHM-1

KENNETH WAYNE BRIDGEWATER                   DEFENDANT/MOVANT

**MEMORANDUM OPINION**

Defendant/Movant Kenneth Wayne Bridgewater *pro se* filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 81). On preliminary consideration under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, the Court ordered Bridgewater to show cause why his motion should not be denied and his action dismissed as untimely. Bridgewater has not filed a response.

In 2005, Bridgewater pleaded guilty to multiple counts of possession with intent to distribute cocaine and cocaine base and was sentenced to a total term of 188 months in prison. He appealed, and the Sixth Circuit Court of Appeals affirmed on July 26, 2006. He did not file a petition for writ of certiorari in the Supreme Court. On December 22, 2016, Movant filed this § 2255 motion.[1]

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] Under the mailbox rule, the motion is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255(f).

As the Court explained in its show-cause Order, under § 2255(f)(1), the one-year limitations period began running on October 25, 2006, and expired one year later on October 25, 2007. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). Bridgewater's motion was filed on December 22, 2016. Accordingly, Bridgewater's motion was filed over nine years after the statute of limitations expired.

In the motion, Bridgewater states that he is relying on a new rule of law from "Johnson vs U.S., Welch vs U.S., [and] Mathis vs U.S.," which the Court assumes to be citations to *Johnson v. United States*, 135 S. Ct. 2551 (2015); *Welch v. United States*, 136 S. Ct. 1257 (2016); and *Mathis v. United States*, 136 S. Ct. 2243 (2016).

However, Bridgewater's citation to *Johnson* does not overcome the one-year statute of limitations barrier. Bridgewater filed his motion more than a year after *Johnson*, although less than a year after the *Welch* decision.

*Johnson* held unconstitutional the residual clause of the Armed Career Criminal Act, 135 S. Ct. at 2563, and the Supreme Court noted in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), that "*Johnson* is retroactive in cases on collateral review[.]" The operative date is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has

been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 225(f)(3). Here, the new rule announced in *Johnson*, made retroactively applicable to cases on collateral review, was recognized by the Supreme Court on June 26, 2015. *See, e.g.*, *Story v. United States*, No. 213CR55JRGMCLC1, 2016 WL 7077616, at *2 (E.D. Tenn. Dec. 2, 2016) ("[T]he new right on which Petitioner relies was first recognized in the *Johnson* decision, which the Supreme Court decided on June 26, 2015." (citing *Johnson*, 135 S. Ct. at 2551.)) Thus, filing the § 2255 motion within one year of *Welch* but not *Johnson* does not make Bridgewater's motion timely.

In addition, Bridgewater's motion was filed within one year of the Supreme Court's *Mathis* decision, to which Bridgewater also cites. However, the Supreme Court's decision in *Mathis* did not create a new rule of law which applies retroactively to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive.") (internal quotation marks omitted). The Supreme Court gave no indication in *Mathis* that it intended its holding to be applied retroactively to cases on collateral review. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (finding that inmate "failed to make a prima facie showing that *Mathis* . . . set forth new rules of constitutional law that have been made retroactive to cases on collateral review); *United States v. Taylor*, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (holding that "*Mathis* did not announce a new rule"); *Atkinson v. United States*, No. 1:16-cv-67, 2017 WL 1227876, at *2 (W.D. Mich. Apr. 4, 2017) (finding that "*Mathis* did not announce a new constitutional rule"), *appeal docketed*, No. 17-1421 (6th Cir. Apr. 13, 2017); *United States v. King*, No. 2:09-cr-166, 2017 WL 978549, at *2 (S.D. Ohio Mar. 14, 2017) (concluding that

"*Mathis* did not create a new substantive right which is applicable to cases pending on collateral review . . .").

Bridgewater also cites to "Beckeley vs. US." The Court knows of no Supreme Court case with this name decided within one year of Bridgewater's § 2255 motion. The Court is aware of *Beckles v. United States*, 137 S. Ct. 886 (2017), which was decided after Bridgewater filed his motion. However, in that case, the Supreme Court held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles v. United States*, 137 S. Ct. 886, 894 (2017). Thus, *Beckles* does not recognize a new right made retroactively applicable to cases on collateral review.

Because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Bridgewater did not allege facts in his motion which warrant the application of equitable tolling. "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). A movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561. "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Bridgewater did not file a response to the Court's show cause Order. Therefore, he has shown no reason why equitable tolling should apply in this case. The Court finds that his § 2255 motion is time-barred.

## CERTIFICATE OF APPEALABILITY

An individual, who unsuccessfully moves to vacate, set aside or correct his sentence pursuant to § 2255 in a federal district court and subsequently seeks appellate review, must secure a Certificate of Appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no COA is warranted in this case.

Date: July 19, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Defendant/Movant Bridgewater, *pro se*
    United States Attorney
4414.010